Bosworth, Ch. J.
The defendant moves to vacate an order made the 11th October, 1859, requiring him to be held to bail in the sum of $13,000.
The action is brought to recover damages for the wrongful conversion by the defendant of 260 shares of the capital stock of the American Bank Note Company, and which are alleged to be worth $13,000, and to have then belonged to the plaintiffs.
The affidavits show that the defendant has hypothecated or sold 260 shares of such stock, which at the time were the property of the plaintiffs. If the defendant received these shares from the plaintiffs as security for'a usurious loan, and if it was a part of the usurious agreement that these shares should be delivered as such security, and if they were delivered by the plaintiffs and received by the defendant, in pursuance of such an agreement, then the defendant’s possession was wrongful from its commencement, and his disposition of the stock is tortious, and he is liable in this action. Schrœppel v. Corning, (5 Denio, 236; 2 Seld., 107,) are in point, and controlling authorities.
The usury as effectually vitiates that part of the agreement which authorized the defendant “ to use, transfer, or hypothecate” the stock, as the part which pledged the stock.
Is a case of usury made out? The affidavit, on which the order was granted states facts with great precision and in detail, which, if true, establish usury. It is insisted that the defendant’s affidavit contains an explicit denial of the allegations in that respect. The opposing affidavits, if true, show usury.
The cause of action is trover; whether such a cause of action exists, depends upon the truth of the allegations on the part of the plaintiffs as to usury. If the affidavits of the plaintiffs and of the defendant are in this regard in direct conflict, the order should not, for that reason, be discharged. (Bedell v. Sturta, 1 Bosw., 634.)
If the plaintiff succeeds in this action, his right to an execution against the body of the defendant is perfect and absolute. (Code, § 179, sub. 1, § 288.) The defendant’s affidavit, at most, denies the existence of a cause of action. Under the former practice, where the plaintiff swore positively to a cause of action, *622 the defendant’s affidavit, merely denying it, was disregarded, although he was, in the discretion of the Court, permitted to confess the cause of action and avoid it. (6 Wend., 524.)
I do not think a defendant is entitled to have an order of arrest, made in an action of trover, vacated merely because he denies the cause of action; its existence having been sworn to by the plaintiff with clearness and precision.
But on the papers before me, the defendant’s allegation that $125 of one note, and $200 of the other, was for so much due him, for services, is denied; and what the services are, or when they were rendered, is not stated by the defendant, and it can hardly be said that the defendant’s affidavit states facts, uncontroverted or entirely satisfactory in the relation he gives of them, to establish that the agreement was not usurious.
As to the amount of bail it is sufficient to say, that there is too much evidence that the stock is worth $13,000 to justify me in reducing it, on the ground that it is excessive or even unreasonable. The motion must be denied with $10 costs to the plaintiffs, to abide the event of this action.
From the order denying the motion, the defendant appealed to the General Term. The appeal was argued November 26th, 1859, at a General Term held before Bosworth, Gh. J., and Hoffman, Woodruff and Moncrief, J. J., and the order was unanimously affirmed.